## ALLEN v. ALLEN

No. 3052. Decided July 27, 1917. (166 Pac. 1169)

1. APPEAL AND ERROR—REVIEW—FINDINGS OF FACT. Findings of fact of the trial court supported by a fair preponderance of the evidence will not be disturbed on appeal. (Page 112.)

2. FRAUDS, STATUTE OF—PAROL PARTITION OF REALTY. A parol partition between joint owners of realty, such as partners, when carried out and followed by actual possession in severalty of the several parcels, is valid, and will be enforced notwithstanding the statute of frauds.[1] (Page 113.)

Appeal from District Court, First District; *Hon. J. D. Call,* Judge.

Action by Joseph S. Allen against Henry H. Allen.

Judgment for plaintiff. Defendant appeals.

AFFIRMED.

*Nebeker, Thatcher & Bowen* for appellant.

*M. C. Harris* and *A. A. Law* for respondent.

### APPELLANT'S POINTS

*McMahon* v. *Thornton,* 1 Pac. 724, "one partner cannot sue another for his share while the partnership accounts

---

[1] *Whittemore* v. *Cope,* 11 Utah, 354, 40 Pac. 256.

are unsettled." "One partner cannot rightfully demand a division, partition, or sale of the partnership property or effects until an account has been taken, as between the partners, ascertaining and defining their respective rights."

The interest of a partner is not an interest in a specific article**** his share is not separable, but is dependent on a final adjustment. *(Hutchinson* v. *Dubois,* 7 N. W. 714.) Partnership lands cannot be distinguished from other assets for purposes of settlement. Partnership settlements cannot be made piecemeal. The court must determine all the equities. *(Godfrey* v. *White,* 5 N. W. 243.)

"It is the general rule that individual transactions constituting part of a general partnership business cannot, at the will of either be severed from the rest and made the basis of a suit at law or in equity." *(Smith* v. *Putnam,* 82 N. W., 1077; *McRae* v. *McKenzie,* 2 Div. & B. eq. (n. c.) 232; *Doll* v. *Hennessy Merc. Co.,* 81 P. 625; *Burlans* v. *Jefferson,* 76 Fed. 25.) The plaintiff was here invoking the interposition of a court of equity specifically to enforce an alleged oral contract of partition of partnership realty. Defendant had a right to show anything which would show that it would be inequitable and unjust to him to grant the relief. *(Stubbings* v. *Durham,* 71 N. E. 586; *Harrison* v. *Harrison,* 15 S. E. 87.)

GIDEON, J.

In this action plaintiff seeks to compel specific performance of an oral agreement between plaintiff and defendant concerning real property that was partitioned or given to the plaintiff in an oral mutual agreement dissolving a partnership existing between the parties, and asks for a decree quieting title to such lands in the plaintiff and for a judgment of the court decreeing the plaintiff and defendant to be the owners as tenants in common of 160 acres of land described in the complaint.

In substance the complaint alleges that in the year 1906, plaintiff and defendant, as copartners, were the owners of divers tracts of land and of personal property in Utah and in Idaho, among which land was parcel described as a thirteen-

acre tract and consisting of 13 $^{20}/_{100}$ acres; that the legal title thereto was, and now is, in the name of the defendant; that in April, 1906, the partnership was dissolved by mutual agreement and all the partnership property, except the 160 acres, which was held under contract for purchase from the state of Utah, was partitioned and divided among the respective partners; that by that partition or agreement of dissolution the thirteen-acre tract was awarded to the plaintiff; and that immediately thereafter the plaintiff went into possession of the same and remained in the undisturbed possession until May, 1912, when the defendant made claim to that property. It is further alleged that in the year 1899 the partnership purchased from the state of Utah, under a ten-year contract, the 160 acres, and that the contract was made in the name of the defendant, and that it was agreed that no partition of that should be made until the title was obtained, and that each party should pay one-half of the annual installments and jointly occupy and use the premises; that plaintiff had performed his part of the agreement and had paid one-half of the annual payments up to and including the eighth payment and had tendered his pro rata share of the annual payment thereafter, but the defendant had refused to accept them. 'The plaintiff tendered and offered to pay his pro rata share in court for the use of the defendant. It is further alleged that at various times in January, 1910, defendant had promised to make conveyance of the thirteen-acre tract to plaintiff, but had neglected and refused to do so.

The answer, in substance, alleges, that in the year 1898 plaintiff and defendant, and one J. C. Allen, were copartners and owned real and personal property in Utah and in Idaho, including, among others, the said thirteen-acre tract, and in that year, by mutual agreement, the firm's assets were divided and partitioned, and the thirteen-acre tract was awarded to plaintiff; that by the same agreement a twelve-acre tract and a three-acre tract, the record title of which was in the name of Thomas Horne, were awarded to defendant; that immediately after the dissolution of the former partnership the plaintiff and defendant formed a partnership for the purpose of

farming land owned by each, including the thirteen-acre, the twelve-acre, and the three-acre tracts, and that while that partnership was in existence, in about the year 1899, an oral agreement was made between plaintiff and defendant to exchange the twelve-acre and three-acre tracts for the thirteen-acre tract, or, at plaintiff's option, for fifteen acres out of a larger tract known as the "Brawley field," the legal title to which at that time was in plaintiff, and that in pursuance of that agreement defendant surrendered to plaintiff a deed to the twelve-acre and three-acre tracts, and that it was returned to the original grantor, Thomas Horne, and a new deed executed conveying title to plaintiff, Joseph S. Allen; that at the dissolution of the second partnership the defendant demanded of plaintiff either the said thirteen-acre tract or fifteen acres out of the Brawley field, but that plaintiff refused to convey either. The answer admits that plaintiff has been in the continued possession since 1906 of the said three tracts of land, marked (20), (16), and (7) on the plat inserted herein. Defendant further alleges that it would be inequitable and unjust to require conveyance by him of the thirteen-acre tract, and that to do so would cause him irreparable injury. The defendant further admits the purchase by the parties of the 160 acres from the state of Utah, and that each partner agreed to pay one-half of the purchase price, but alleges an abandonment of the contract of purchase by the plaintiff and the subsequent payment and procurement of patent by himself. The answer further denies the agreement to convey the thirteen-acre tract, and alleges payment of taxes on both the thirteen-acre tract and the 160 acres.

For a counterclaim defendant alleges the existence of the partnership dissolved in 1898 and the partition and award of lands on the termination of that partnership, the formation and dissolution of the second partnership, and agreement for the exchange of lands between himself and plaintiff, his consequent surrender of the deed to the twelve-acre tract, the fact that plaintiff had procured a new deed conveying the title of such tract to himself, the retention by plaintiff of the thirteen-acre tract, and prays that defendant may be

decreed to be the owner of the thirteen-acre tract and of the 160 acres, and for damages for detention by plaintiff of the thirteen-acre tract.

The reply of the plaintiff admits the partnership dissolution of 1898, the formation of a new partnership between plaintiff and defendant and its dissolution in 1906, but puts in issue the award of the twelve-acre and three-acre tracts to defendant in 1898, and denies any agreement to exchange lands with defendant; alleges possession by plaintiff and defendant, as joint owners, of the twelve-acre and three-acre tracts and the Brawley field comprising fifty-nine acres, particularly describing it, during the existence of the partnership between plaintiff and defendant, and further alleges that he is now the owner in fee simple of the Brawley field and entitled to have his title quieted thereto; denies the abandonment or rescission by him of the agreement to purchase the 160 acres, and alleges his willingness to pay his pro rata share of the purchase price thereof.

By a supplemental complaint filed just before the trial plaintiff seeks to recover damages for the retention of the 160 acres by defendant from the time of the filing of the complaint to the trial of the action.

A trial was had before the court, and findings of fact, conclusions of law and judgment entered, finding all the issues in favor of plaintiff. From those findings and judgment defendant brings the case to this court on appeal.

Some twenty-nine assignments of error are made attacking the different findings of the court, but in appellant's brief the numerous assignments are argued under two general heads, namely: (1) The findings are against the evidence; and (2) that the conclusions of law and judgment do not follow from and are not supported by the findings.

The following map or plat will aid in understanding this opinion as well as explain the claims of the parties hereto:

Appeal from Cache County, First District

It was agreed by both parties to this action, and also by their brother J. C. Allen in his testimony, that in the partition or dissolution of the copartnership, which consisted of the three brothers, prior to 1898, the thirteen-acre tract of land described in plaintiff's complaint, title to which he asks to have quieted in him, was, by that allotment or partition, awarded to plaintiff; that at the time and up till the trial of this action the record title to that tract stood in the name of the defendant. Respondent's testimony is clear that in that same partition the twelve-acre and three-acre tracts were also awarded and given to him. On that particular point the testimony of appellant and of James C. Allen, one of the original partners, is that at that time the twelve-acre and three-acre tracts were partitioned to appellant, and that the record title at that particular date was in the name of one Thomas Horne. It is admitted that immediately after the dissolution of the partnership, consisting of the three brothers, in 1898, another partnership was formed between the plaintiff and defendant to carry on and continue business of the same nature as the former partnership, and that that partnership continued until about the year 1906, when it was dissolved by mutual consent.

Plaintiff contends, and the court found, that all the real estate which had been partitioned or given to both plaintiff

and defendant in the dissolution of the former partnership became the partnership property and made up a part of the assets of the new partnership. That finding is attacked by appellant, and it is insisted that such a finding is not only not supported by the evidence, but is contrary to the weight of the evidence. If it were necessary to sustain the court's judgment that that finding be supported by the evidence, then the case would, in my judgment, have to be reversed, but in view of the lower court's findings on other issues, and in our view of the matter, that finding becomes immaterial.

At the time of the dissolution of the partnership it is agreed by both plaintiff and defendant that the thirteen-acre tract, marked (20) on the plat, as well as the thirty-acre tract, marked (16) on the plat, and the fifty-two-acre tract, marked (10) on the plat, and the fifteen-acre tract, marked (4) on the plat, were all a part of one inclosure, and had been jointly used and cultivated by the partnership from 1898 up until the date of its dissolution. The plaintiff testified that at the time of the partition and dissolution of the partnership between him and defendant a line was drawn dividing the property, which line was a division line running east and west immediately north of the twelve-acre tract, marked (7) on the plat, the thirty-acre tract, marked (16) on the plat, and the thirteen-acre tract, marked (20) on the plat, and that he gave defendant the right to take either the part of the land lying north or the part of the land lying south of that line and west of the county road. He testified that the defendant first selected the land lying south, which would include the thirteen-acre, the thirty-acre, and the twelve-acre tracts, and that plaintiff immediately took possession of the land lying north of the division line; that within a few days thereafter appellant returned to respondent and stated that he was not satisfied with the division, and thereupon plaintiff gave him the option to exchange, if he so desired, and the exchange was made; and the plaintiff then took possession of the land lying south of the line drawn by plaintiff, and he has continued in possession of the same up until the institution of this action, and that at the same time appel-

lant took possession of the land lying north of the division
line, namely, the fifty-two-acre tract and the fifteen-acre tract,
and has continued in possession of those lands ever since.

It is contended by plaintiff, and the court so found, that
from the year 1898 to the year 1906, the taxes on all of the
land referred to herein, and other land similarly occupied by
the partners, were paid from the general or partnership fund,
and that the land was cultivated jointly and the harvests
sold and the proceeds used by the partnership in carrying
on the partnership business; that since 1906 plaintiff has paid
all taxes assessed against, and been in the open possession
of, the lands partitioned to him, or all of the lands lying south
of the division line, and that during all that time defendant
had been in possession of the land lying north of the divi-
sion line, and has paid all taxes assessed against that land;
that at no time did appellant make any claim to the thirteen-
acre tract, and that the plaintiff had no knowledge or informa-
tion that the title to that tract was in appellant until about
the year 1910 or 1911, at which time he approached the de-
fendant and asked for a conveyance, and his testimony is
that the defendant promised to make a conveyance, but failed
to do so, and thereafter, in 1912, for the first time, made claim
to this land and attempted to eject plaintiff and his workmen
therefrom, and that this suit was immediately started there-
after. It is also disclosed that these parties owned other
lands located in Cache County, Utah, as well as in the state
of Idaho, which they cultivated and farmed during the con-
tinuance of the partnership, and that during the continuance
of the partnership a sixty-acre tract located in Cache County,
the legal title to which was in the name of plaintiff, was sold
and the proceeds immediately deposited to the credit of the
partnership, and was invested in sheep which belonged to the
partnership, and both plaintiff and defendant participated in
the profits of the sheep purchased with that money.

The defendant maintains, as alleged in his answer and
counterclaim, that under the original partition among the
three brothers the twelve-acre and three-acre tracts were given
to him, and that thereafter, in about the year 1899, an oral

arrangement was made between the appellant and respondent by which the appellant agreed to give to the respondent the twelve-acre and three-acre tracts in exchange for the thirteen-acre tract, or a fifteen-acre tract belonging to plaintiff located about two miles from this property in what is known as the Brawley farm, and that in consideration of that agreement of exchange a deed, which he held for the twelve-acre and three-acre tracts, and which had not been recorded, and which had been executed by the original owner, one Thomas Horne, was given the plaintiff, and he in turn took the deed back to the original grantor, Thomas Horne, and that deed was destroyed and a new one executed conveying title to the twelve-acre and three-acre tracts to the plaintiff. That agreement was denied by the plaintiff, and the court found that no such agreement was ever made, and that the twelve-acre and three-acre tracts were a part of the original award made to the plaintiff by the partition of the land in 1898. Plaintiff also insists that if any such an agreement as alleged in the counterclaim was entered into, it was within the statute of frauds, and therefore void. As the court found no such an agreement was ever made, the question as to whether it was void under the statute of frauds becomes immaterial.

There is a sharp conflict between the testimony of the plaintiff and the defendant, and there is testimony from other witnesses which corroborates both the testimony of the plaintiff and defendant, but from an examination of the entire record it satisfactorily appears that the findings of the court are supported by a fair preponderance of the evidence, and, under the oft-repeated and recognized rule of this court, should not be disturbed.

Appellant contends that, even though the findings are supported by the testimony, the conclusions of law of the court are contrary to the findings as made. He insists that if it appears in this case that the property here in question is partnership property, an action affecting only a part of that property cannot be maintained, and that the plaintiff's remedy would be to ask for an accounting and the closing up of the entire partnership affairs before any relief can be

granted to him. The appellant has tendered no such issue in his answer, and the findings of the court are against his contention. It is true that there was some testimony that there was other real property which was used by the partnership located in the state of Idaho which had not yet been divided, but it also appears from that same testimony that the title to the different pieces of land located in Idaho remained in the same name or individual to whom the land was partitioned in the original dissolution in 1898, and, as indicated elsewhere in this opinion, we do not think that the testimony supports the finding that the real property of plaintiff and defendant ever became part of the assets of the later partnership. Moreover, there is no issue made by the pleadings with reference to an unsettled partnership account. On the contrary, the defendant in his answer makes claim to the thirteen-acre tract, being the land in question so far as the plaintiff's complaint is concerned, and undertakes to claim title to that by contract made between him and plaintiff.

Whether the court is supported in its findings that the lands of plaintiff and defendant became part of the assets of the partnership formed in 1898 is immaterial in our view of the matter, as the court also made findings that under the dissolution or partition of 1898 all of the tracts of land now claimed by plaintiff were awarded and apportioned to him. Under the holding of this court in *Whittemore* v. *Cope,* 11 Utah, 354, 40 Pac. 256, a parol partition between joint owners of real property, when carried out and followed by actual possession in severalty of the several parcels, is valid and will be enforced, notwithstanding the statute of frauds.

The finding of the court concerning the 160 acres purchased from the state of Utah is not only supported by the evidence, but that finding would seem to be the only conclusion that could have been arrived at from a consideration of the testimony offered relating to that particular phase of the case.

The respondent has filed cross-assignments of error and complains that the court erred in retaxing costs on defendant's motion, and of the failure of the court to allow the plaintiff damages for the use of the 160-acre tract from the year 1909,

when it was claimed that the appellant took exclusive possession of the property and refused to allow respondent to keep stock thereon. From an examination of the record we are not disposed to disturb the rulings of the court on the questions there involved.

We are satisfied that the findings of the lower court are supported by the evidence, and that the findings support the conclusions and judgment. It therefore follows that the judgment should be affirmed. Such is the order. Respondent to recover costs.

FRICK, C. J., and McCARTY, CORFMAN, and THURMAN, JJ., concur.